HENRY TINCHER V. THE STATE.

Order of the County Court as follows:   The State of Texas, County of Harri-
son, County Court, February Term, 1854.   Marshall and Gilmer road ; class
No. 1 ; precinct No. 4 ; commencing at Gum Creek and ending at Mocasin
Creek.   Ordered by the Court that Henry Tincher be and he is hereby ap-
pointed overseer of said precinct of said road, for the ensuing year, and that
he have the following hands.   Held to be sufficient evidence that the said
road was a public one, and belonged to the first class.

Appeal from Harrison.    Tried below before the Hon. Chas.
A. Frazer.

The facts are stated in the Opinion.

*M. J. Hall*, for appellant, argued that an order of the County
Court, establishing the road as a public road, should have been
shown.

*Attorney General*, for appellee.

ROBERTS, J.   The only matter presented for the considera-
tion of the Court is, the alleged error in the charge of the
Court, and in refusing the charge asked by the appellant's
counsel, and in the sufficiency of the evidence to establish that
the road was a public road, laid out and established by the
County Court.

The appellant asked the Court to charge the jury, " that
unless the State has proved that the road on which defendant
is charged to have been overseer, was a public road, estab-
lished by the County Court and classed as a first class road, then
you will find for the defendant."

It is presumed that the only reason which induced the Court
to refuse this charge, was, that it had been substantially given

by him in his charge. In that he says, " if you believe from the testimony, that the defendant was the overseer of the section of the road described in the indictment, as therein alleged, and that the same was a first class road, as alleged in the indictment, and that the defendant for twenty days permitted," &c. The allegations in the indictment thus referred to are explicit and uncontradictory, that the road had been established and classed by the County Court. The Judge referred to the statements in the indictment, rather than risk confusing the jury by rehearsing the same thing in his charge, in which he might use different language. It is substantially the same as that asked by the counsel, and we can see no error in adopting such a mode of giving it in a case like this.

The State read in evidence an entry from the records of the County Court as follows :

" The State of Texas, ⎱         County Court,
County of Harrison, ⎰      February Term, 1854.

Marshall and Gilmer Road,—Class No. 1, Precinct No. 4. Commencing at Gum Creek and ending at Mocasin Creek. Ordered by the Court that Henry Tincher be and he is hereby appointed overseer of said precinct of said road, for the year ensuing, and that he have the following hands," &c.

There was no objection to this evidence, and it is now contended that it is not sufficient to prove the material facts, that the road mentioned in the indictment was laid off, classed and established as a public road by the County Court. This must be upon the ground that this entry is not the appropriate evidence to establish those facts, and that some other entry was, or that by neglect of the County Court the proper entry had not been made, and therefore the facts could not be established at all.

As to the first branch of the proposition, that this was not the appropriate entry, it may be answered that it certainly tends to prove those facts, and is predicated upon their supposed existence ; and if not satisfied with the *prima facie* con-

clusion which it necessarily produced, the appellant should have objected to it because there was better evidence.

To the second branch of the proposition it may be answered, that the Statute does not prescribe any particular mode of entry in establishing, laying off and classing public roads, and if they wholly neglected to make any formal entry exclusively for that purpose, then the various entries made similar to this in relation to all the roads of the county, would practically comply with the requisitions of the Statute. For in this they describe the class, the precinct, and the locality and extent of the road ; and the very act of doing this establishes it as a public road.

We think the evidence sufficient to sustain the verdict.

Judgment affirmed.